[No. G034481. Fourth Dist., Div. Three. Aug. 30, 2005.]

In re PETER F., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
PETER F., Defendant and Appellant.

## Counsel

Kristin A. Erickson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Scott C. Taylor and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**FYBEL, J.—**

### Introduction

Peter F., a minor, was charged with, inter alia, four counts of brandishing a deadly weapon in violation of Penal Code section 417, subdivision (a)(1). (All further statutory references are to the Penal Code.) At two separate times, Peter waved a knife and/or a box cutter in a threatening manner. Each time, two people were present.

We conclude, and the Attorney General agrees, Peter could properly be charged with only one count of brandishing a deadly weapon in connection with each separate incident, for a total of two counts, no matter how many individuals were present and witnessed his actions. Therefore, we remand the case to the juvenile court to strike two of the four counts of brandishing a deadly weapon in violation of section 417, subdivision (a)(1).

### STATEMENT OF FACTS

Friends Elizabeth C., Jeremiah R., and Frank A. were hanging out at My Coffee Shop in Buena Park between 2:30 and 3:00 p.m. on July 24, 2004. Another friend, Summer E., was working at the coffee shop. Peter and his cousin Christian G. were passing by the coffee shop and were going to stop and talk to Summer. Peter and Christian got into a verbal altercation with Jeremiah and Frank. While the boys were exchanging angry words and arguing, Peter took out a box cutter and a knife, waved them in the air, and threatened to kill or cut Frank and Jeremiah. Peter and Christian then walked away from the coffee shop.

Mark Z., Summer's stepfather and the owner of the coffee shop, arrived and was told what had happened. Mark got into his truck with Jeremiah and Frank to look for Peter and Christian and to stall them until the police arrived. Mark found Peter and Christian around the corner and approached them. Mark asked them what they were doing in the coffee shop and yelled for someone to call the police. Christian pulled out a knife, Peter pulled out the box cutter and another knife, and they threatened Mark, Jeremiah, and Frank. Peter threatened to stab Mark and then put his knife close to Mark's neck. At some point, Mark's hand was cut.

### PROCEDURAL HISTORY

In 2003, Peter had been declared a ward of the court and placed on probation, in connection with an unrelated charge of carrying a concealed dirk or dagger. (§ 12020, subd. (a)(4).) In February 2004, a subsequent petition was filed, charging Peter with petty theft. (§§ 484, subd. (a), 488.) Peter violated his probation on several occasions, and was ultimately committed to a juvenile facility for 45 days.

On July 27, 2004, the Orange County District Attorney filed a petition concerning the events of July 24. Then, a first amended subsequent petition

was filed on August 16, alleging four counts of criminal threats (§ 422 [counts 1, 4, 8, and 9]), four counts of brandishing a deadly weapon (§ 417, subd. (a)(1) [counts 2, 3, 6, and 7]), one count of aggravated assault (§ 245, subd. (a)(1) [count 5]), and one count of petty theft (§§ 484, subd. (a), 488 [count 10]). This petition alleged Peter personally used a deadly weapon in committing counts 1, 4, 8, and 9 (the criminal threat counts). (§ 1192.7.) After a contested adjudication hearing, the juvenile court dismissed count 10 on its own motion, and found count 1 had not been proven beyond a reasonable doubt and discharged Peter on that count. The court found all the remaining counts to be true beyond a reasonable doubt, and found the deadly weapon enhancements to be true. Peter timely appealed.

## DISCUSSION

Peter argues, and the Attorney General agrees, that Peter should only have been charged with and convicted of two, not four, counts of brandishing a deadly weapon. Of the four counts of brandishing with which Peter was charged and convicted, two related to the incident in the coffee shop (counts 2 and 3), while two related to the incident around the corner involving Mark (counts 6 and 7). Each incident constitutes one act of brandishing, no matter how many people witnessed it, and Peter therefore could only have been convicted of one count of brandishing in connection with each incident.

Section 417, subdivision (a)(1), provides: "Every person who, except in self-defense, in the presence of any other person, draws or exhibits any deadly weapon whatsoever, other than a firearm, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses a deadly weapon other than a firearm in any fight or quarrel is guilty of a misdemeanor, punishable by imprisonment in a county jail for not less than 30 days."

In *People v. Hall* (2000) 83 Cal.App.4th 1084, 1087 [100 Cal.Rptr.2d 279], the defendant pleaded no contest to three counts of exhibiting a firearm in the presence of peace officers in violation of section 417, subdivision (c); each count referred to a different officer, but the same incident. The appellate court concluded the single act of exhibiting a firearm permitted a single punishment, no matter how many observers were present, and the multiple-victim exception to section 654 did not apply because the crime of exhibiting a firearm in a threatening manner in the presence of a peace officer was not committed *upon* a peace officer, but rather *in the presence of* a peace officer.

(*People v. Hall, supra,* at pp. 1086–1087.) The appellate court explained, "[t]he culpability of the single act of exhibiting a firearm 'in the immediate presence of a peace officer' in violation of section 417, subdivision (c)— without more—does not depend upon the number of people who observe the brandishing. The crime, as defined, is not committed upon the peace officers who are present, but is merely committed in their presence. Only once the brandishing becomes an assault do the observers become victims, and does culpability increase with the number of victims. [¶] The People contend that since there were three officers outside defendant's home, there were three victims of defendant's brandishing, but this argument would suggest that the single act of exhibiting a firearm could have been punished 10 times if 10 officers were present. [¶] However, the multiple-victim exception is just that: a multiple-victim exception, not a multiple-observer exception. Assaults have victims; exhibitions have observers. And, as mentioned, the crime of exhibiting a firearm under section 417, subdivision (c) , does not act upon an officer, but is only committed *in the presence* of an officer." (*Id.* at pp. 1095–1096.)

The court in *People v. Hall* dealt with the question whether the defendant could be *punished* separately for each brandishing count, to which he had pleaded guilty. The court did not address the question presented here, whether a single act witnessed by more than one person can support a conviction on more than one count of brandishing.[1]

██ As recognized in *People v. Hall,* brandishing a deadly weapon in the presence of another person is not a crime of violence "upon" that person, but is committed in someone's presence. Once the brandishing becomes an assault, the observers of the brandishing become victims and culpability increases. Thus, a single act of brandishing can only support a conviction of a single count of violation of section 417, subdivision (a)(1), no matter how many people witness the act. Indeed, the victim of the crime of brandishing need not even be aware the defendant possesses a weapon. (*People v. McKinzie* (1986) 179 Cal.App.3d 789, 794 [224 Cal.Rptr. 891].) Therefore, Peter could only be convicted of one count of brandishing a deadly weapon in connection with the incident at the coffee shop, and one count in connection with the incident around the corner involving Mark. The additional counts in connection with each of these incidents must be stricken.

---

[1] "We do not reach the issue whether the two brandishing counts whose sentences will now be stayed should also be stricken by virtue of the fact that there was but a single exhibition of a firearm. The parties did not argue or brief this issue, which raises the additional issue whether the defendant is estopped or otherwise prohibited from raising a challenge to the two counts in light of his agreement to plead no contest to three brandishing counts, instead of the originally charged offenses of felony assault with a firearm. [Citations.] Accordingly, we express no view on this issue." (*People v. Hall, supra,* 83 Cal.App.4th at p. 1096, fn. 6.)

## DISPOSITION

The matter is remanded to the trial court to strike two of the four counts of brandishing a deadly weapon in violation of section 417, subdivision (a)(1), so that defendant Peter F. is convicted of only one count for each separate incident. In all other respects, the judgment is affirmed.

Sills, P. J., and Bedsworth, J., concurred.